**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Anthony VAUGHN,
Defendant—Appellant.**

No. 05–10590.

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2006.*

Decided July 28, 2006.

Samantha S. Spangler, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Quin Denvir, Esq., Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN, Senior District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**710**

MEMORANDUM **

Defendant–Appellee William Anthony Vaughn was convicted of being a felon in possession in violation of 21 U.S.C. § 922(g)(1). He appeals the district court's denial of his motion to suppress. We affirm.

■ Vaughn argues that Officer Quinn lacked reasonable suspicion to detain—or attempt to detain—Vaughn in the parking lot, as required by *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This argument fails. Officer Quinn was given three descriptions of a man with a gun causing a disturbance at an apartment complex. Although the three descriptions were not identical, they were, taken together, sufficiently descriptive of Vaughn's appearance. According to Officer Quinn, Vaughn was the only person in the crowd of twenty gathered in the parking lot who matched the totality of the callers' descriptions. Officer Quinn's suspicion that Vaughn was the gunman was reasonable, given the totality of the circumstances. *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

■ Officer Quinn had sufficient suspicion that crime was afoot, that Vaughn was responsible for it, and that he was armed with a gun—all of which would justify Officer Quinn's brief investigative detention of Vaughn and a pat-down for weapons. *See Terry*, 392 U.S. at 27, 88 S.Ct. 1868. When Vaughn bolted upon contact with the police, Officer Quinn was authorized to chase after Vaughn, who sought to escape into his apartment. The hot pursuit of a suspected armed gunman from the scene of a threatening disturbance created the exigency that allowed the police to follow Vaughn into an apartment even without a warrant, out of concern for police safety and the safety of others. *See Warden v. Hayden*, 387 U.S. 294, 298–99, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) ("The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others."). The district court correctly denied the motion to suppress the gun that Vaughn tried to dispose of in the apartment.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

